DUERR v. BOARD OF FIRE COMMISSIONERS OF THE CITY
OF NEWARK.

A notice that written charges had been preferred against prosecutor, who
was employed in the fire department of Newark, and that he must
attend the examination of said charges before the board of fire com-
missioners at eight o'clock in the evening of May 31st, was served on
prosecutor at half past ten o'clock in the morning of that day. Prose-
cutor was on duty that day, and by the rules of the department was
compelled to remain on duty except for a short time, insufficient to
enable him to prepare for trial. He appeared before the board,
objected to the shortness of notice and asked for time to prepare for
trial. Time was refused and a resolution was passed dismissing him
from the department. *Held*, that prosecutor did not have reasonable
notice or a fair trial or reasonable opportunity to make his defence
within the requirements of the Fire Department act of March 24th,
1885 (*Rev. Sup.*, p. 691), and that the resolution dismissing him from
his employment must be set aside.

On *certiorari* to review proceedings of the board of fire
commissioners of the city of Newark, upon charges preferred
against prosecutor, a fireman employed in the fire department,
and a resolution of the board finding prosecutor guilty of the
charges and dismissing him from the department.

Argued at November Term, 1892, before Justices VAN
SYCKEL and MAGIE.

For the prosecutor, *Francis W. Knowles.*

For the board, &c., *William B. Guild.*

The opinion of the court was delivered by

MAGIE, J. It is conceded that the proceedings brought
before us by this writ were taken under, and should conform
to, the provisions and requirements of the "Act respecting the
fire departments of cities and regulating the tenure and terms
of office of officers and men employed in said fire depart-
ments," approved March 24th, 1885. *Rev. Sup.*, p. 691.

By that act it is provided that no officer or employe in any such fire department shall be removed from office or employment except for certain specified causes, and only after the following proceedings, viz.: (1) Written charges of the cause of complaint preferred, signed by the person making them, and filed in the office of the board in charge of the fire department, and (2) a public examination into the charges by said board, upon " such reasonable notice to the person charged and in such manner of examination as the rules and regulations governing the same may prescribe." It is expressly declared to be the intent of the act to give every person charged a fair trial upon the charges and every reasonable opportunity to make his defence.

The adjudication of such a board will not be set aside by this court for trivial or technical reasons if the examination and trial have been fair; but if the right of defence given by the act has not been accorded to the person charged, this court may and ought to intervene. *Devault* v. *Camden,* 19 *Vroom* 433 ; *Ayres* v. *Newark,* 20 *Id.* 170 ; *Ackerly* v. *Jersey City,* 25 *Id.* 310.

The examination of the charges against prosecutor was conducted, in one respect, in such disregard of the express requirements of the act as to compel the intervention of the court.

The case shows that the acts charged against prosecutor were committed on May 25th and 26th, 1892. Charges were made and presumably signed on May 27th. On May 28th a notice containing a copy of the charges (unsigned) and directing prosecutor to appear before the board on May 31st at eight o'clock in the evening to answer to them was signed by the secretary of the board and delivered to the captain of the company to which prosecutor belonged, for service on him. Although delivered to the captain on May 28th, the notice was dated May 31st, and the secretary testifies that the captain was ordered (by whom does not appear) not to serve it until May 31st. About half past ten in the morning of that day it was served on prosecutor. He was then on duty and

could not be excused without special leave from headquarters. He applied in the usual way for such leave, that he might prepare for trial, and was informed that leave was refused. He was temporarily excused by his captain during the day, but he swears he had not time to make any preparation. When he attended before the board he objected to the shortness of notice and asked for time to prepare for his trial. This was refused, his trial immediately proceeded and the resolution dismissing him from the force was adopted the same evening.

It does not appear that the board has adopted rules regulating the service of notice upon officers or men charged with offences under the act, as, it seems, may be done. Any such rules must provide for reasonable notice. In the absence of rules the board must determine whether the notice given was reasonable, and that determination may be here reviewed and reversed if it deprived the accused of the safeguards the statute designed to give him for his defence.

It does not seem open to contention that a notice which allowed an accused only nine and a half hours to prepare for such a trial could in general be deemed a reasonable notice, and if the accused, during the period allowed by the notice, was compelled by the discipline of the department to remain at his post, except for a very brief period, such a contention would be absurd.

The counsel for the board does not thus contend, but he argues that the notice was reasonable in this case. This is first put on the ground that prosecutor was informed on May 26th that the captain intended to prefer charges against him. But the notice which the act requires to be reasonable is one notifying the accused that charges have been preferred and will be examined at a certain time and place. It is next argued that prosecutor was in fact guilty of the offences charged, and that his guilt justified his removal from office. But the charges are not to be tried in this court, nor was prosecutor bound to disclose his defence here.

The examination or trial of prosecutor was not such as the

act intended; it was not a fair trial, nor was prosecutor given a reasonable opportunity to make his defence.

For this reason, the resolution must be vacated, with costs.